## COGSWELL *vs.* MASON.

If in an extent of an execution upon lands, it does not appear by whom one of the appraisers was chosen, the extent will be void.

A sheriff, having attached real estate by virtue of a writ, and left with the town clerk of the place where the estate was situate, a copy of the writ and of the return of the attachment, afterwards, before the return day, altered his return of the attachment, and went to the office of the town clerk and amended the copy of the return, which had been left there, accordingly; it was *held*, that the attachment must be considered as made on the day when the amended copy of the return was left with the town clerk.

THIS was a writ of entry, brought to recover a tract of land in Tuftonborough, and was submitted to the decision of the court upon the following facts :

Park Dewitt, being seized of the demanded premises, by deed dated May 10, 1833, and recorded May 13, in the same year, conveyed the same premises to the demandant in fee.

The tenant, Mason, having a just demand against Dewitt, sued out a writ, and caused the same premises to be attached as the property of Dewitt, on the 11th May, 1833. At the time of this attachment, Mason had no notice of the deed given to the demandant as aforesaid. The officer who made the attachment, on the same 11th May, 1833, left with the town clerk of Tuftonborough a copy of the writ, with a copy of his return thereon, as follows :

" *Strafford, ss., May* 11, 1833. I attached all the right,

title and interest the within named Dewitt has to and in the following described lot of land, situate in Tuftonborough, in said county, with the buildings thereon, containing thirty acres, more or less, bounded as follows, to wit.: on the north, south and west by land of Joseph Peavey, worth ten dollars; and have caused to be left a true and attested copy of this writ, with a true and attested copy of this my return endorsed thereon, at the office of the town clerk of Tuftonborough."

Some time after the demandant's deed was recorded in the office of the register of deeds, the officer who served the tenant's said writ obtained access to the files of the town clerk of Tuftonborough, and without the knowledge of either of these parties, altered the copy of his return left there, by inserting after the name of "Joseph Peavey," the following words: "*and is the same where the defendant's blacksmith shop now stands ;*" and having made a similar alteration in his return upon the original writ, caused the same writ to be thus returned to the court when and where it was returnable.

Mason, the tenant, having obtained an execution in his said suit, caused the same to be extended upon the demanded premises, on the 22d September, 1834, and within thirty days after he obtained judgment.

The officer, in his return of the extent, stated the choice of appraisers as follows:

"I caused three appraisers to be chosen, that is to say,—J. S., by W. Mason, the creditor within named; P. B., who was chosen by myself, and A. L., who was chosen for the debtor within named, the debtor being out of the state."

*Christie*, for the demandant, objected that it did not appear by the return who appointed the appraiser for the debtor.

*J. Bell*, for the tenant, moved that the officer might be permitted to amend his return, and state, as the fact was, that he appointed the appraiser for the debtor. And he cited

the following cases : 6 *Greenleaf* 106, *Howard* vs. *Turner ;* 6 *N. H. R.* 459, *Bowman* vs. *Stark ;* 14 *Pick.* 28 ; 6 *do.* 162 ; 1 *do.* 351 & 461 ; 3 *N. H. R.* 45 ; 7 *Greenleaf* 146 ; 15 *Mass. R.* 137.

RICHARDSON, C. J., delivered the opinion of the court.

The rule which has long been adopted in relation to extents upon real estate, and which has been applied in many cases, is, that it ought to appear by the sheriff's return that the statute which regulates extents has been strictly pursued. Nothing is to be left to conjecture. Nothing is to be presumed in favor of the extent. Every thing essential to pass the title must be expressly stated, or necessarily implied in what is stated in the return. 2 *N. H. R.* 495, *Mead* vs. *Harvey ;* 4 *do.* 329 & 548 ; 3 *do.* 45 & 85 ; 6 *do.* 520.

In this case it does not appear by whom one of the appraisers was appointed. It is very probable that he was appointed by the officer who made the extent. But this is not stated ; nor is it necessarily implied in any thing that is stated. This is a fatal objection to the extent. It does not appear to have been made in the manner prescribed by the statute.

And we are satisfied, that no amendment of the officer's return of the extent in this case can avail the defendant.

It is settled, that it is the leaving of the copy of the original writ and return with the town clerk, that constitutes an attachment. 5 *N. H. R.* 275, *Bank* vs. *Burnham.*

In this case, all the doings of the sheriff in relation to the attachment by virtue of the tenant's writ, are returned under the date of May 11, 1833. And it has been decided that upon such a general return we are not permitted to intend that the copy was left with the town clerk on the day thus stated ; but are bound to look to the true time when the copy was actually delivered to the town clerk. 4 *N. H. R.* 431, *Kittredge* vs. *Bellows.*

It appears by the statement of the parties in this case, that

the copy of the return of the attachment, which the sheriff eventually made upon the writ, was left with the town clerk some time after the deed to the demandant was upon record; and as it is the leaving a copy of the writ and return with the town clerk that constitutes an attachment, we are of opinion that no valid attachment of the demanded premises by virtue of the tenant's writ was made, until the amended copy of the return of the attachment was left with the town clerk. And as this was left some time after the deed to the demandant was upon record, he is entitled to hold the land, and there must be

*Judgment for the demandant.*